## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DORTHEA JOHNSON, *et al.*,

     Plaintiffs,

vs.

FCA US LLC,

     Defendant.

Case No. 4:20-cv-12690-MFL-DRG

Hon. Matthew F. Leitman

Magistrate David R. Grand

## DEFENDANT FCA US LLC'S MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT UNDER RULE 12(b)(6)

Defendant FCA US LLC moves to dismiss Plaintiffs' Second Amended Class Action Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state any claim. In support, FCA US relies on the attached brief.

Pursuant to E.D. Mich. L.R. 7.1(a), on April 9, 2024, FCA US's counsel conferred with Plaintiffs' counsel via telephone on the relief sought in this motion, and Plaintiffs did not consent to the relief requested in this motion.

In further support of its motion, FCA US adopts and incorporates herein by reference its accompanying Brief in Support.

WHEREFORE, FCA US respectfully requests that the Court grant its motion and dismiss Plaintiffs' Second Amended Class Action Complaint.

Dated:  April 10, 2024

Respectfully submitted,

KLEIN THOMAS LEE & FRESARD

By: /s/ Stephen A. D'Aunoy
Stephen A. D'Aunoy (MO/54961)
Thomas L. Azar, Jr. (MO/56634)
Scott H. Morgan (MO/61853)
100 N. Broadway, Suite 1600
St. Louis, MO 63102
Tel: (314) 888-2970
stephen.daunoy@kleinthomaslaw.com
tom.azar@kleinthomaslaw.com
scott.morgan@kleinthomaslaw.com

Fred Fresard (P43694)
Ian Edwards (P82021)
David Dell (P61778)
101 W. Big Beaver Road, Suite 1400
Troy, Michigan 48084
(248) 509-9270
fred.fresard@kleinthomaslaw.com
ian.edwards@kleinthomaslaw.com
david.dell@kleinthomaslaw.com

*Counsel for Defendant FCA US LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 10, 2024, the foregoing was electronically filed using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

/s/ *Thomas L. Azar, Jr.*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DORTHEA JOHNSON, *et al.*,

      Plaintiffs,

vs.

FCA US LLC,

      Defendant.

Case No. 4:20-cv-12690-MFL-DRG

Hon. Matthew F. Leitman

Magistrate David R. Grand

---

**DEFENDANT FCA US LLC'S BRIEF IN SUPPORT
OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT UNDER RULE 12(b)(6)**

---

# **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ......................................................................... i

TABLE OF AUTHORITIES ................................................................. iii

ISSUES PRESENTED ...........................................................................v

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................. vii

INDEX OF EXHIBITS ..................................................................... viii

INTRODUCTION ................................................................................1

BACKGROUND ..................................................................................2

    A.    The Alleged Defect. .............................................................2

    B.    Plaintiffs' Vehicles & Experiences. .......................................2

    C.    The Vehicles' Warranties. ....................................................5

    D.    The Pleaded Claims & Proposed Classes. ...............................6

ARGUMENT ......................................................................................7

    A.    Legal Standard. ...................................................................7

    B.    The Express Warranty & MMWA Claims Fail (Counts I & II). ..........7

        1.    The Defect Alleged Is Not Covered By FCA US's Warranties. ......8

        2.    Failure To Allege Any Breach. ................................................9

        3.    Martinez Alleges No Failure To Repair In The Warranty Period. ....10

        4.    Schrader's Claims Are Time-Barred. ......................................10

    C.    The Fraud-Based Claims Fail (Counts III & IV). ...............10

        1.    No Facts Supporting Any Duty To Disclose (Both Counts). ...........11

2.    The Fraud-Based Claims Are Time-Barred (Both Counts)..............13

3.    Economic Loss Doctrine Bars The TDTPA Claim (Count IV).......14

CONCLUSION ......................................................................................................14

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## <u>Cases</u>

*Adams v. Nissan N. Am., Inc*., 395 F.Supp.3d 838 (S.D.Tex. 2018)..........................12

*AmGuard Ins. Co. v. Lone Star Legal Aid*, 2020 WL 60247 (S.D.Tex. 2020) ..... 9, 10

*Andrade-Heymsfield v. Danone US, Inc*., 2019 WL 3817948 (S.D.Cal. 2019)........9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......................................................................7

*BCC Merch. Sols., Inc. v. Jet Pay, LLC*, 129 F.Supp.3d 440 (N.D.Tex. 2015) ......14

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......................................................7

*Cheatham v. ADT Corp.*, 161 F.Supp.3d 815 (D.Ariz. 2016) ..................................13

*Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507 (6th Cir. 1999)......................5

*Harrison v. Gen. Motors, LLC*, 2023 WL 348962 (E.D.Mich. 2023)......................9

*Hastings v. Ford Motor Co.*, 2022 WL 848330 (S.D.Cal. 2022) ............................10

*In re Banner Health Data Breach Litig.*, 2017 WL 6763548 (D.Ariz. 2017).........11

*In re Gen. Motors LLC Ignition Switch Litig.*, 257 F.Supp.3d 372 (S.D.N.Y. 2017)....12

*In re Gorilla Companies LLC*, 2011 WL 5519910 (D.Ariz. 2011)...........................9

*King v. O'Rielly Motor Co.*, 494 P.2d 718 (Ariz.App. 1972)...................................12

*Mezibov v. Allen*, 411 F.3d 712 (6th Cir. 2005)........................................................7

*Muss v. Mercedes-Benz of N.Am., Inc.*, 734 S.W.2d 155 (Tex.App. 1987) .............9

*Omni USA, Inc. v. Parker-Hannifin Corp.*, 798 F.Supp.2d 831 (S.D.Tex. 2011)...11

*Palma v. Sonic Momentum VWA, L.P.*, 2010 WL 11652068 (S.D.Tex. 2010).......11

*Schechner v. Whirlpool Corp.*, 237 F.Supp.3d 601 (E.D.Mich. 2017) ...................13

*Smith v. Nexus RVs, LLC*, 468 F.Supp.3d 1012 (N.D.Ind. 2020)............................8

*Temple v. Fleetwood Enters., Inc.*, 133 Fed.Appx. 254 (6th Cir. 2005) ..................8

*Wai Hoe Liew v. Cohen & Slamowitz, LLP*, 265 F.Supp.3d 260 (E.D.N.Y. 2017) 14

*Weidman v. Ford Motor Co.*, 2022 WL 1071289 (E.D.Mich. 2022)......................13

*Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395
     Pension Trust Fund*, 38 P.3d 12 (Ariz. 2002)......................................................12

*WineStyles, Inc. v. GoDaddy.com, LLC*, 2012 U.S. Dist. LEXIS 188269 (D.Ariz. 2012) ..................................................................................................................11

## <u>Statutes</u>

15 U.S.C. §§ 2301, *et seq.* ............................................................................6

Ariz. Rev. Stat. § 44-1521, *et seq.* ................................................... *passim*

Tex. Bus. & Com. Code § 17.41, *et seq.* ......................................... *passim*

Tex. Bus. & Com. Code Ann. § 2.725(a) .............................................10

## ISSUES PRESENTED

1.   Should the breach of express warranty claim pleaded by remaining Named Plaintiffs Schrader, Martinez, and Earick be dismissed because the warranty underlying it does not provide coverage for the defect alleged, and none plead facts showing that any breach occurred?

       The Court should respond "Yes."

2.   Should the breach of express warranty claim be dismissed, to the extent it is brought by Plaintiff Martinez, because he fails to allege that he presented his vehicle for repair under the warranty within the warranty period?

       The Court should respond "Yes."

3.   Is Plaintiff Schrader's breach of express warranty claim barred by the Texas Uniform Commercial Code's four-year statute of limitations when FCA US allegedly breached his warranty on April 10, 2019 but Schrader did not file suit within four years, and Plaintiffs only sought leave to amend and bring his claim on July 27, 2023?

       The Court should respond "Yes."

4.   Should the Magnuson-Moss Warranty Act claim pleaded by Plaintiffs Schrader, Martinez, and Earick be dismissed when they have pleaded no viable state-law warranty claim as required to maintain a claim under the Act?

       The Court should respond "Yes."

5.   Should Plaintiffs Schrader's and Rudick's statutory consumer fraud claims be dismissed when the pleaded allegations do not satisfy the heightened pleading standards of Rule 9(b) which governs them, insofar as Plaintiffs Schrader and Rudick have failed to adequately plead a requisite duty to disclose?

       The Court should respond "Yes."

6.   Is Plaintiff Rudick's consumer fraud claim under the Arizona Consumer Fraud Act barred by the statute's one-year statute of limitations when Rudick admits he knew of the alleged defect by "sometime in 2021" but did not file

suit within four years, and Plaintiffs only sought leave to amend and bring his claim on July 27, 2023?

> The Court should respond "Yes."

7.  Is Plaintiff Schrader's consumer fraud claim under the Texas Deceptive Trade Practices Act barred by the statute's two-year statute of limitations when Schrader admits he knew of the alleged defect by April 10, 2019, but did not file suit within four years, and Plaintiffs only sought leave to amend and bring his claim on July 27, 2023?

> The Court should respond "Yes."

8.  Is Plaintiff Schrader's consumer fraud claim under the Texas Deceptive Trade Practices Act barred by the economic loss doctrine, as his alleged damages stem from nothing more than FCA US's purported failure to fulfill a repair-or-replace warranty contract?

> The Court should respond "Yes."

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

*Adams v. Nissan N. Am., Inc*., 395 F.Supp.3d 838 (S.D.Tex. 2018)

Order Granting Defendant's Motion for Summary Judgment (ECF No. 65)

*Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12 (Ariz. 2002)

## INDEX OF EXHIBITS

| Exhibit | Description |
|---------|-------------|
| **A** | Dodge – 2017 Warranty Information-Gas, All Vehicles |
| **B** | Dodge – 2018 Warranty Information-Gas, All Vehicles |

# I.    **INTRODUCTION**

This is a putative class action in which Plaintiffs allege delamination of door/console trim panels in Dodge Charger vehicles manufactured by FCA US LLC.[1] Previously, this Court dismissed all claims except the breach of express warranty claims asserted by two named plaintiffs, Player and Fernandez.[2]  Then, the Court granted summary judgment in favor of FCA US on those claims, explaining that "because the Panel Defect is not covered by the Express Warranty, FCA did not breach that warranty when it allegedly failed to repair Player's and Fernandez's door and console panels."[3]

Prior to the Court ruling on summary judgment, Plaintiffs sought and were granted leave to file an amended complaint adding four additional named plaintiffs (Schrader, Martinez, Earick, and Rudick).[4]  Schrader, Martinez, and Earick assert express warranty claims just like those of Player and Fernandez, Schrader (only) asserts a claim under the Texas Deceptive Trade Practices Act ("TDTPA"), and Rudick (only) asserts a claim under the Arizona Consumer Fraud Act ("ACFA").[5]

---

[1]Second Amended Class Action Complaint ("SAC"), ECF #87.

[2]Opinion and Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (ECF No. 16) ("MTD Order"), ECF #27, pp. 40-41 (PageID.1776-77).

[3]Order Granting Defendant's Motion for Summary Judgment (ECF No. 65) ("MSJ Order"), ECF #90, p. 22 (PageID.4389).

[4]*See*, *generally*, ECF ##76, 86, 87.

[5]*See* SAC, ¶¶ 269-358 (PageID.4260-84).

1

The new named plaintiffs' express warranty claims fail for the same reason as those of Player and Fernandez – *i.e.*, FCA US's written warranties do not cover the alleged defect.  And, Schrader's and Rudick's statutory consumer fraud claims are likewise deficient for multiple reasons.  The SAC should be dismissed.

## II.   BACKGROUND

### A.   The Alleged Defect.

Plaintiffs' claims are premised on a "defect" that allegedly results in interior trim panels "warping and pulling away from the vehicle frame."  *See* SAC, ¶ 1 (PageID.4164).   Specifically, they allege FCA US selected materials for the vehicles' trim panels ("Belleville C10") that were "not suitable for use in the vehicle interior."  *See id.* at ¶ 313 (PageID.4271); *see also id.* at ¶ 4 (PageID.4165) ("The root cause of the Defect is the substandard materials used by Defendant in the manufacturing of the Interior Trim Panels, most notably the polymer 'Belleville C10' used in the 'skin.'").  Plaintiffs allege the change in materials was intentional, made "at the recommendation of [FCA US's] Technical Cost Reduction Team," and documented in "Official Change Notices."  *Id.* at ¶ 71 (PageID.4185).  They further allege the "defect" exists in "2014 to 2019 model year Dodge Charger and Chrysler 300 automobiles."  *Id.* at ¶ 1 (PageID.4164).

### B.   Plaintiffs' Vehicles & Experiences.

*Schrader* – Plaintiff Matthew Schrader is a Texas resident who purchased a model-year 2018 Dodge Charger vehicle from a third-party dealership in Texas on

November 22, 2017.  *See* SAC, ¶¶ 40, 216 (PageID.4176, 4245).  There are no facts

pleaded about the sale, or anything Schrader saw or was told about the vehicle or its

interior trim components.  *See*, *generally*, SAC.

On April 10, 2019, after the vehicle had been driven more than 16 months and

over 12,000 miles, Schrader's wife returned to the dealership and reported an issue

with a window not rolling up and that "the front door trim [was] warping/

delaminating."  *Id.* at ¶ 221 (PageID.4246).  The dealership "calibrated" the window

and determined it to be "operating normally," and the delamination was determined

by the dealership to be from "wear and tear."  *Id.* at ¶ 222 (PageID.4246).  Then, "[a]

year or so later," Schrader returned to the dealership reporting delamination "at the

gear shift," which the dealership also determined to be from "wear and tear."  *Id.* at ¶

224 (PageID.4247).  Schrader further alleges that "[s]ometime thereafter, all four door

panels … began to split and pull away from the frame," but the dealership told him

they would not be repaired under warranty.  *Id.* at ¶ 226 (PageID.4247).

***Martinez*** – Plaintiff Gerson Josh Martinez is a California resident who

purchased a model-year 2017 Dodge Charger from a third-party dealership in

California on October 28, 2017.  *Id.* at ¶¶ 41, 228 (PageID.4176, 4248).

Martinez alleges that "[w]ithin the first two years" after his purchase, "both

front door panels had begun warping."  *Id.* at ¶ 231 (PageID.4248).  On September

6, 2019, he visited a dealership and was told the door panels would be repaired at no

cost but "were on backorder." *Id.* at ¶ 231 (PageID.4248-49).  Both door panels were replaced for free on February 12, 2020.  *Id.* at ¶ 233 (PageID.4249).  Years later "in 2022," Martinez alleges he "started seeing warping and delamination" again, but acknowledges his vehicle was "outside of the Warranty period," and thus pleads "he has been informed" by some unknown person "that he is responsible for the cost of any repairs." *Id.* at ¶ 235 (PageID.4249).

*Earick* – Plaintiff Tim Earick is an Arizona resident who purchased a model-year 2017 Dodge Charger vehicle from a third-party dealership in Arizona on May 31, 2017. *Id.* at ¶¶ 42, 236 (PageID.4177, 4250).

On July 27, 2018, Earick returned to a dealership, reporting delamination in the front and one rear door panel. *Id.* at ¶ 238 (PageID.4250).  The front door panels were replaced the same day, and the rear door panel was replaced a month later. *Id.* He reports no further issues until three years after his purchase ("May of 2020"), and that his warranty claim was denied. *Id.* at ¶¶ 240-41 (PageID.4251).

*Rudick* – Plaintiff Justin Rudick is an Arizona resident who purchased a model-year 2018 Dodge Charger vehicle from a third-party dealership in Arizona in April 2018. *Id.* at ¶¶ 43, 243 (PageID.4177, 4152).  Aside from allegations that he "test drove" the vehicle and noticed a "missing cover on the A/C unit," there are no facts pleaded about the sale, or anything Rudick saw or was told about the vehicle or its interior trim components. *See*, *generally*, SAC.

"Sometime in 2021," Rudick "noticed" delamination of the driver-side door panel and center console had "started." *Id.* at ¶ 248 (PageID.4252). But, he did not seek a repair until May 7, 2022, after his vehicle had been driven 39,744 miles. *Id.* The dealership then "indicated" that the vehicle was "beyond the Warranty period mileage and would not be covered under the Basic Limited Warranty." *Id.* at ¶ 249 (PageID.4253).

## C.   The Vehicles' Warranties.[6]

When sold new, Plaintiffs' vehicles were covered by the Basic Limited Warranty lasting 3 years/36,000 miles and covering "the cost of all parts and labor needed to repair any item on your vehicle when it left the manufacturing plant that is defective in ***material, workmanship or factory preparation***." Exhibit A, Dodge – 2017 Warranty Information-Gas, All Vehicles, p. 5; Exhibit B, Dodge – 2018 Warranty Information-Gas, All Vehicles, p. 5 (emphasis added); *see also* SAC, ¶ 86 (PageID.4189-90). To obtain warranty repairs, an owner must visit an authorized Chrysler, Dodge, Jeep, or Ram dealer. Exhibit A, p. 18; Exhibit B, p. 19.

---

[6]Because the written warranties for Plaintiffs' vehicles are referred to in the complaint and form the basis of the claims pleaded, this Court may properly consider them when ruling on this motion to dismiss. *See, e.g.*, *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999).

D.     **The Pleaded Claims & Proposed Classes.**[7]

Plaintiffs assert four claims:

| | |
|---|---|
| Count I | Breach of express warranty (Schrader, Martinez, Earick); |
| Count II | Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* ("MMWA") (Schrader, Martinez, Earick); |
| Count III | Violation of the ACFA, Ariz. Rev. Stat. § 44-1521, *et seq.* (Rudick); and |
| Count IV | Violation of the TDTPA, Tex. Bus. & Com. Code § 17.41, *et seq.* (Schrader). |

*See* SAC, ¶¶ 269-358 (PageID.4260-84).[8]  Subject to certain exclusions, they seek to

bring these claims on behalf of a "Nationwide Warranty Class" of all purchasers and

lessees whose vehicles "experienced the Defect during the Warranty term (3

years/36,000 miles)" and either "(i) received a repair using replacement parts made with

Belleville C10; (ii) did not receive a complete repair; (iii) did not receive a repair in a

reasonable period of time; and/or (iv) were denied a repair." *Id.* at ¶ 252 (PageID.4253).

Plaintiffs also propose similar subclasses for Arizona, California, Florida, and Texas,

as well as subclasses for the ACFA and TDTPA claims comprised of persons in Arizona

---

[7]Because the SAC was filed before this Court issued its summary judgment ruling on Player's and Fernandez's claims, it includes allegations and express warranty/MMWA claims on their behalf.  All of Player's and Fernandez's claims were previously disposed of through the Court's summary judgment order.  *See* MSJ Order, p. 22 (PageID.4389).

[8]Rudick is not included in the list of plaintiffs asserting express warranty or MMWA claims in the SAC.  *See* SAC, pp. 98, 103 (PageID.4260, 4265).  But, even if he had asserted such claims, they would still fail for the reasons detailed below.

or Texas "who currently own or lease or previously owned or leased a 2018 or 2019 model year Dodge Charger or Chrysler 300 manufactured prior to the implementation of FCA's Permanent Corrective Action." *Id.* at ¶¶ 253-58 (PageID.4254-55).

### III.   ARGUMENT

#### A.   <u>Legal Standard.</u>

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

#### B.   <u>The Express Warranty & MMWA Claims Fail (Counts I & II).</u>[9]

Plaintiffs assert claims for breach of express warranty (Count I) and violation

---

[9]The SAC includes scattered, vestigial references to "merchantability" and the previously dismissed implied warranty claims. *See, e.g.*, SAC, ¶ 275 (PageID.4261); *see also* MTD Order, pp. 24-29 (PageID.1759-64) (dismissing all the previously pleaded implied warranty claims because allegations of "cosmetic" issues from delaminating interior trim fail to show any lack of merchantability). These appear to be erroneously made, as Plaintiffs do not plead any implied warranty claim in the SAC, and confirmed in seeking leave to amend that they did not intend to plead or pursue such a claim. *See, e.g.*, ECF #75, p. 11 (PageID.3868) ("No plaintiff pleads any claims of implied warranty … all of which were dismissed.").

of the MMWA (Count II).  *See* SAC, ¶¶ 269-306 (PageID.4260-70).  These claims are premised on the notion that FCA US breached the Basic Limited Warranty by failing to provide covered repairs.  *Id.* at ¶¶ 2-3, 296 (PageID.4165, 4266).  The MMWA claims require a viable state-law warranty claim, and thus "rise[] and fall[] with the underlying state law claim." MTD Order, p. 23 fn.7 (PageID.1758) (quoting *Smith v. Nexus RVs, LLC*, 468 F.Supp.3d 1012, 1025-26 (N.D.Ind. 2020)); *see also Temple v. Fleetwood Enters., Inc.*, 133 Fed.Appx. 254, 268 (6th Cir. 2005) ("if there exists no actionable warranty claim, there can be no violation of the [MMWA]").

### 1.  *The Defect Alleged Is Not Covered By FCA US's Warranties.*

Plaintiffs' express warranty and MMWA claims fail under this Court's recent summary judgment order.  As the Court explained, "an unbroken line of federal cases have held that warranties (like the Express Warranty) that cover defects in 'material' do not apply to defects (like the Panel Defect) that arise from a manufacturer's *choice* of material."  MSJ Order, p. 10 (PageID.4377) (emphasis in original); *see also id.* at p. 17 (PageID.4384) ("In sum, because the Panel Defect was caused by FCA's choice of Belleville C10 … the defect is one of design, not one in 'material,' and it therefore is not covered by the Express Warranty.").  Just as before, Plaintiffs' claims are premised on the notion that a defect exists because FCA US chose unsuitable materials (Belleville C10) for interior trim components. *See, e.g.*, SAC, ¶¶ 1, 4, 6, 71, 73, 313, (PageID.4164-66, 4172, 4185-86).  And, the relevant warranty

language is the same for the new named plaintiffs' vehicles as for Player's and Fernandez's vehicles.  *Compare* MSJ Order, p. 2 (PageID.4369) *with* SAC, ¶ 86 (PageID.4189); *see also* Exhibit A, p. 5; Exhibit B, p. 5.  Because this Court has already ruled that FCA US's warranties do not cover the defect alleged, the warranty and MMWA claims in Counts I and II clearly fail and are subject to dismissal.

### 2.  *Failure To Allege Any Breach.*

Plaintiffs' warranty and MMWA claims also fail because there are no facts to support any breach.  Plaintiffs allege FCA US breached the express warranty by "failing to provide … as a warranty replacement, a product that conforms to the qualities and characteristics that it promised when it sold the Subject Vehicles." *See* SAC, ¶ 277 (PageID.4261).  But, no facts are pleaded to show that FCA US ever made such a promise, and the lack of such promise is confirmed by the warranties themselves.  *See id.* at ¶ 86 (PageID.4189-90); *see also*, *generally*, Exhibit A; Exhibit B.  FCA US's written warranties simply promise a repair of certain defects upon presentment at a dealership – they do not promise that any vehicle would be defect-free.  *Id.*; *see also Harrison v. Gen. Motors, LLC*, 2023 WL 348962, *9 (E.D.Mich. 2023); *Muss v. Mercedes-Benz of N.Am., Inc.*, 734 S.W.2d 155, 158 (Tex.App. 1987).  FCA US cannot breach a promise it never made.[10]

---

[10]*See, e.g.*, **AZ**: *In re Gorilla Companies LLC*, 2011 WL 5519910, *4 (D.Ariz. 2011); **CA**: *Andrade-Heymsfield v. Danone US, Inc.*, 2019 WL 3817948, *8 (S.D.Cal. 2019); **TX**:  *AmGuard Ins. Co. v. Lone Star Legal Aid*, 2020 WL 60247,

### 3. *Martinez Alleges No Failure To Repair In The Warranty Period.*

Martinez's claims additionally fail because all he pleads is a failure and free repair during the warranty period, but no further issues until after the 3-year/36,000 mile warranty on his vehicle had expired and it was "outside the Warranty period." SAC, ¶¶ 231, 233, 235 (PageID.4248-49). This fails to state any breach of warranty. *See, e.g.*, *Hastings v. Ford Motor Co.*, 2022 WL 848330, *12 (S.D.Cal. 2022) (no viable warranty claim where part serviced under warranty later failed after warranty period expired, since warranty could not be breached "beyond its expiration").

### 4. *Schrader's Claims Are Time-Barred.*

Under Texas law, express warranty claims accrue at breach and expire four years later. *See* Tex. Bus. & Com. Code Ann. § 2.725(a). Schrader contends FCA US breached the warranty on April 10, 2019, when "[the] dealership told [him] that the vehicle would not be repaired under Warranty." *See* SAC, ¶¶ 221-22 (PageID.4246-47). But, he did not file suit within four years, and Plaintiffs only sought leave to amend and bring his claims on July 27, 2023. *See* ECF #75. Thus, his claims are also time-barred.

For these reasons, Counts I and II should be dismissed.

### C. <u>The Fraud-Based Claims Fail (Counts III & IV).</u>

Rudick asserts a claim under the ACFA (Count III), and Schrader asserts a

---

*4 (S.D.Tex. 2020).

claim under the TDTPA (Count IV).  *See* SAC, ¶¶ 307-58 (PageID.4270-84).  These claims are based on allegations that FCA US failed to disclose the alleged defect in their vehicles at the time of sale.  *See id.* at ¶¶ 312, 338 (PageID.4271, 4278).  Each of these claims sounds in fraud, so Rule 9(b) applies.  *See, e.g.*, *In re Banner Health Data Breach Litig.*, 2017 WL 6763548, *6 (D.Ariz. 2017); *Omni USA, Inc. v. Parker-Hannifin Corp.*, 798 F.Supp.2d 831, 836 (S.D.Tex. 2011).  The fraud-based claims fail for multiple, independent reasons.

### 1.   *No Facts Supporting Any Duty To Disclose (Both Counts).*

At the most basic level, Rudick's and Schrader's claims fail because Plaintiffs have failed to allege facts sufficient to support any duty to disclose.  Under both Arizona and Texas law, no omission-based claim is viable without demonstrating such a duty.  *See, e.g.*, *WineStyles, Inc. v. GoDaddy.com, LLC*, 2012 U.S. Dist. LEXIS 188269, **9-11 (D.Ariz. 2012) ("Failure to disclose only constitutes fraud where the defendant had a duty to disclose … This requirement applies to consumer fraud [under the ACFA] as well as to a standard fraud claim."); *Palma v. Sonic Momentum VWA, L.P.*, 2010 WL 11652068, *5 (S.D.Tex. 2010) ("[T]o be liable for … violation of the [T]DTPA, the defendant must have had a duty to disclose the information that was purportedly withheld.").

Under Arizona law, absent some fiduciary relationship, such a duty only exists where the defendant (1) made some ***affirmative statement*** that either was, or later

became, false or materially misleading; or (2) "actively concealed" information –

*i.e.*, took affirmative measures "intended to prevent the [plaintiff] from learning the

truth" – "as opposed to simple nondisclosure."  *See, e.g.*, *Wells Fargo Bank v. Ariz.*

*Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d

12, 35-36 (Ariz. 2002); *King v. O'Rielly Motor Co.*, 494 P.2d 718, 720-22 (Ariz.App.

1972).  "Under Texas law, a duty to disclose … arises only in limited circumstances

where there is a fiduciary or confidential relationship … No duty arises in an arms-

length transaction between a manufacturer and consumer, particularly where

Plaintiffs did not purchase or lease their vehicles directly from the manufacturer."

*Adams v. Nissan N. Am., Inc*., 395 F.Supp.3d 838, 849-50 (S.D.Tex. 2018).[11]

Here, neither Rudick nor Schrader plead anything remotely sufficient to

support a duty to disclose.  Neither pleads anything like a fiduciary relationship or

any purported affirmative representations by FCA US that were, or later became,

false.  *See*, *generally*, SAC; *see also* MTD Order, pp. 32-33 (PageID.1767-68)

(analyzing similar allegations in prior complaint and finding no affirmative

misrepresentations).  While courts often view allegations of a safety hazard to be

sufficient to trigger a duty to disclose, this Court has already recognized that the

alleged defect here is simply about "the cosmetic appearance of the vehicles," and

---

[11]*See also In re Gen. Motors LLC Ignition Switch Litig.*, 257 F.Supp.3d 372, 453 (S.D.N.Y. 2017) (applying Texas law).

that it does not plausibly render them unfit for providing transportation or implicate safety.  *See* MTD Order, pp. 25-27 (PageID.1760-62).  No law supports the notion that the possibility of some cosmetic issue arising is sufficient to trigger a duty to disclose.  Thus, on this basis alone, dismissal is required.

### 2.    *The Fraud-Based Claims Are Time-Barred (Both Counts).*

Rudick's ACFA claim (Count III) is subject to a one-year statute of limitations, which began to run as soon as he "kn[ew] whose products were involved and that the products were not performing as expected."  *Schechner v. Whirlpool Corp.*, 237 F.Supp.3d 601, 621-22 (E.D.Mich. 2017) (quoting *Cheatham v. ADT Corp.*, 161 F.Supp.3d 815, 826 (D.Ariz. 2016)).  Rudick pleads that his vehicle exhibited delamination "[s]ometime in 2021," that he sought a repair on May 7, 2022 (after the vehicle's warranties had already expired), and that he was denied a repair on this visit.  *See* SAC, ¶ 248 (PageID.4252-53).  Every one of these events occurred well over a year before Plaintiffs sought leave to amend (July 27, 2023) or Rudick asserted his ACFA claim.  *See* ECF #75.  Thus, Count III is plainly time-barred.

Likewise, Schrader was required to file his claim under the TDTPA (Count IV) "within two years after the alleged practice was discovered or should have been discovered, with a maximum tolling of 180 days for fraudulent concealment."  *Weidman v. Ford Motor Co.*, 2022 WL 1071289, *14 (E.D.Mich. 2022).  According to Schrader's own allegations, he discovered the delamination alleged in his vehicle

on April 10, 2019 – *i.e.*, more than four years before Plaintiffs sought leave to amend and assert his claim. *See* SAC, ¶ 221 (PageID.4246). Even if the maximum 180-day tolling was applied, it could not save his claim – and, in any event, no tolling is even possible here given that Plaintiffs' allegations have been a matter of public record since they filed this lawsuit in October 2020. *See, e.g.*, *Wai Hoe Liew v. Cohen & Slamowitz, LLP*, 265 F.Supp.3d 260, 285 (E.D.N.Y. 2017) (publicly available filings in a lawsuit are sufficient to put a plaintiff on notice of a claim). Thus, Schrader's claim under the TDTPA in Count IV is also time-barred.

### 3.    *Economic Loss Doctrine Bars The TDTPA Claim (Count IV).*

Additionally, Schrader's alleged damages stem from nothing more than FCA US's purported failure to comply with a repair-or-replace warranty. SAC, ¶¶ 332-58 (PageID.4277-84). Thus, "[s]uch losses . . . are governed by contract law, not the [T]DTPA," and effectively barred under the economic loss doctrine. *BCC Merch. Sols., Inc. v. Jet Pay, LLC*, 129 F.Supp.3d 440, 469 (N.D.Tex. 2015).

## IV.    CONCLUSION

For all the foregoing reasons, Defendant FCA US LLC respectfully requests that the Court grant its motion and dismiss Plaintiffs' Second Amended Class Action Complaint in its entirety.

Respectfully Submitted,

KLEIN THOMAS LEE & FRESARD

By:  /s/ Stephen A. D'Aunoy
Stephen A. D'Aunoy (MO/54961)
Thomas L. Azar, Jr. (MO/56634)
Scott H. Morgan (MO/61853)
100 N. Broadway, Suite 1600
St. Louis, MO 63102
Tel: (314) 888-2970
stephen.daunoy@kleinthomaslaw.com
tom.azar@kleinthomaslaw.com
scott.morgan@kleinthomaslaw.com

Fred Fresard (P43694)
Ian Edwards (P82021)
David Dell (P61778)
101 W. Big Beaver Road, Suite 1400
Troy, Michigan 48084
(248) 509-9270
fred.fresard@kleinthomaslaw.com
ian.edwards@kleinthomaslaw.com
david.dell@kleinthomaslaw.com

*Counsel for Defendant FCA US LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 10, 2024, the foregoing was electronically filed using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

*/s/ Thomas L. Azar, Jr.*

15